## Case No. 7,692.

### KENDALL v. FREEMAN et al.

### [2 McLean, 189.] [1]

Circuit Court, D. Michigan. Oct. Term, 1840.

PROMISSORY NOTE—PROOF OF INDORSEMENT—JOINT LIABILITY.

1. In an action by an assignee, against an assignor of a negotiable note, it is not necessary to prove the execution of the note.

2. The indorsement must be proved.

3. If the indorsement be by two persons, and the declaration avers that it was indorsed by the defendants, by the name of A. B., it is sufficient.

4. Where the contract shows a joint liability, it is unnecessary to alledge or prove a partnership.

[This was an action at law by Hugh R. Kendall against Joseph L. Freeman and S. Sibley.]

Mr. Tryon, for defendants.

OPINION OF THE COURT. This action is brought on a promissory note; and the questions for decision are raised, by the demurrer of the defendants' counsel, to the first, second and third counts of the plaintiff's declaration. In the first count the declaration sets forth, that "the Sutton Woolen Mills," by Joseph L. Freeman, their agent, made their certain promissory note, &c.; and, it is objected, there is no averment that the "Sutton Woolen Mills" are an incorporated company, (an ordinary firm doing business in that name,) or for what purpose that name has been assumed. This action is not brought against the "Sutton Woolen Mills," but against the defendants, as indorsers of a note thus given. Now, is it necessary, in this action, for the plaintiff, who is assignee, to prove more than the assignment? In the case of Jones v. Morgan, 2 Camp. 474, Lord Ellenborough held that, in an action by the indorsee against the drawer of a bill of exchange, where the declaration contained an averment of acceptance, the plaintiff was bound to prove it. But this decision was overruled, in the case of Tanner v. Bean, 4 Barn. & C. 312, and also in 6 Dowl. & R. 338. In the

former case, Chief Justice Abbott remarked: "The acceptance, or nonacceptance, does not vary the responsibility of the indorser, appearing on the declaration; it is, at all events, his duty to pay the bill when due, if the prior parties do not." And, in that case, although the declaration contained an averment that the bill had been accepted, yet the court held the acceptance need not be proved.

To sustain the present action, it is not necessary to prove the execution of the note, but the indorsement of it by the defendants; and this is admitted by the demurrer. Lambert v. Oakes, 1 Ld. Raym. 443; 1 Salk. 127; 2 Phil. Ev. 22; Harris v. Bradley, 7 Yerg. 310.

It is further objected, that, in the first, second and third counts, it is alledged "that the said defendants, by the name and description of Freeman and Sibley, to whom, or to whose order, the payment of the said sum of money was directed to be made, &c., indorsed the said note, and thereby became liable to pay," &c., without averring that the said Freeman and Sibley were partners, or by what means or authority the said note was so indorsed. The averment is, that "the defendants, by the name of Freeman and Sibley, indorsed the note," &c.; and what more can be necessary? That the note was so indorsed, is admitted by the demurrer. And does not the indorsement, thus made, make the defendants liable as indorsers? The indorsement shows a joint liability of the defendants; and, where they are so bound by the contract, it is never necessary to alledge a partnership. If the defendants, instead of admitting, had denied the assignment, it would have been necessary for the plaintiff to prove it. This might have been done by showing a partnership, and that the note was indorsed by one of the partners, in the name of the firm; or, that the defendants were present, and affixed, or assented to the signatures, as stated on the assignment. In the former case, an allegation of partnership would have been necessary. Where a note is given or assigned by A. and B., they may be sued as such, without any averment of partnership. They assume a joint responsibility, and, whether they are general partners or not, they are jointly bound by the contract. The demurrer is overruled. Judgment, &c.

---

KENDALL (JARVIS v.). See Case No. 7,227.

KENDALL (STOKES v.). See Cases Nos. 13,479 and 13,480.

KENDALL (UNITED STATES v.). See Cases Nos. 15,517 and 15,518.

KENDALL (WINSOR v.). See Case No. 17,886.

KENDALLVILLE (DAVIS v.). See Case No. 3,638.

---

[1] [Reported by Hon. John McLean, Circuit Justice.]